UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| PLAINTIFF, | : | Hon. Brian R. Martinotti, U.S.D.J. |
| | : | UNITED STATES DISTRICT COURT |
| VS. | : | |
| JAVIER OSORIO, | : | CRIMINAL NO. 19-936 |
| DEFENDANT | : | |

MEMORANDUM OF LAW IN SUPPORT OF JAVIER OSORIO'S PRETRIAL MOTIONS

Michael J. Pappa, Esq.
Attorney I.D. 025451977
25 Village Court
Hazlet, NJ  07730
Phone: 732-264-4400
Fax: 732-888-2780
mjp@rudnicklaw.com


On the Brief:
Michael J. Pappa, Esq
Attorney for Defendant, Javier Osorio

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ..... 1

LEGAL ARGUMENT ..... 2

POINT I ..... 2

THE TRIAL OF COUNT 4 OF THE INDICTMENT MUST BE BIFURCATED TO AVOID UNDUE PREJUDICE TO JAVIER OSORIO AND THE INDICTMENT SHOULD BE AMENDED ACCORDINGLY.

POINT II ..... 4

JAVIER OSORIO IS ENTITLED TO DISCLOSURE BY THE GOVERNMENT OF ANY STATEMENTS ATTRIBUTABLE TO HIM, INCLUDING STATEMENTS OF CO-CONSPIRATORS.

POINT III ..... 6

JAVIER OSORIO IS ENTITLED TO CRIMINAL RECORDS OF GOVERNMENT WITNESSES.

POINT IV ..... 8

JAVIER OSORIO IS ENTITLED TO PRODUCTION OF VIDEO AND AUDIO TAPES.

POINT V ..... 9

JAVIER OSORIO IS ENTITLED TO DISCLOSURE OF EXCULPATORY OR FAVORABLE EVIDENCE.

POINT VI ..... 11

THE GOVERNMENT SHOULD BE COMPELLED TO PRODUCE THE TRANSCRIPT OF THE TESTIMONY OF WITNESSES WHO TESTIFIED BEFORE THE GRAND JURY.

CONCLUSION ..... 12

## **PRELIMINARY STATEMENT**

Following a motor vehicle stop on May 13, 2019, at the New Jersey Turnpike entrance for Mount Laurel/Camden, the defendant Javier Osorio was arrested and charged with possession of narcotics along with alleged co-conspirators Guillermo Rodriguez-Reyes, aka Chikilim, and Alberto Lopez-Garcia, aka Gordo. Thereafter, a consent search was conducted at the apartment located at 620 W. Maple Avenue, Apartment B in Merchantville, New Jersey. It is alleged that Mr. Osorio lived at this location with Chikilin. Narcotics, narcotics paraphernalia, and a handgun with ammunition were found in the apartment.

On or about May 14, 2019, a federal criminal complaint was filed in the U.S. District Court under Magistrate No. 19-6131.

On or about January 26, 2022, Superseding Indictment, Criminal No. 19-936 was filed against Javier Osorio charging him with conspiracy to distribute cocaine and heroin, possession with intent to distribute heroin, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm and ammunition by a convicted felon.

For the reasons set forth therein, Javier Osorio contends that Count Four of the indictment must be bifurcated to avoid undue prejudice and should be amended accordingly. Moreover, Javier Osorio seeks production of all statements, (written, oral, video) of alleged co-conspirators Guillermo Rodriguez-Reyes and Alberto Lopez-Garcia and/or law enforcement notes of statements. The defense also seeks production of any plea and cooperation agreements for any co-conspirator to be called as a trial witness.

## **LEGAL ARGUMENT**

### **POINT I**

### **THE TRIAL OF COUNT 4 OF THE INDICTMENT MUST BE BIFURCATED TO AVOID UNDUE PREJUDICE TO JAVIER OSORIO AND THE INDICTMENT SHOULD BE AMENDED ACCORDINGLY.**

Javier Osorio argues pursuant to the "Third Circuit Rule" that the trial and Count Four of the indictment must be bifurcated as introducing his prior criminal record would confuse the jury, unduly influence their feelings toward him, and ultimately deny him a fair trial in that he would be unduly prejudiced by the irrelevant and prejudicial evidence. Further, the indictment must be amended to conform with the bifurcation. Count Four of the indictment charges possession of a firearm by a convicted felon, in violation of 18 USC 922(g).

In *United States v. Busic*, 587 F.2d 577 (3d Cir. 1978), abrogated on other grounds by *Stinson v. United States*, 508 U.S. 36 (1993), the Court addressed this exact issue. In *Busic*, the defendants were convicted of "[c]onspiring to distribute drugs, unlawfully distributing narcotics, assaulting federal officers with a dangerous weapon, and receiving firearms while being convicted felons," along with other weapon-related offenses. Id. at 580. During the trial, the government "introduced in its case-in-chief evidence of defendants' prior convictions for the purpose of proving the defendants' were convicted felons and, thus, had received firearms in violation of 18 USC 922(h)". Id. However, because "the defendants raised the defense of entrapment at trial … the evidence of their prior convictions was admissible under Rule 404(b), Federal Rules of Evidence, to rebut this defense by proving predisposition." Id. at 585. Accordingly, the status of the defendants as ex-felons was introduced at trial independently of the ex-felon in possession charges. Notwithstanding, the Court stated:

> [I]n ruling on a pre-trial motion to sever the district court should determine **whether evidence of the prior convictions would be independently admissible on the other counts**. If it is determined that the convictions would not be admissible on the other counts that were these counts to be tried alone the jury would not hear this evidence then severance should be granted. In addition, we think that, in framing an indictment, the better practice dictates that the government **should not** set forth the details of defendants' actual convictions, but merely allege that the defendant is a convicted felon. Id. at 585.

The Court went on to further explain "if the government chooses to join such counts, it must be prepared to justify the joinder to the trial judge by some showing that the prior convictions would be admissible even absent joinder." Id. at 585 n.9.

In *United States v. Joshua*, 976 F.2d 844, 845-846 (3d Cir. 1992), the defendant was charged with armed bank robbery, weapons charges in relation to the bank robbery, and a charge of possession of a firearm by a convicted felon." The defendant moved to sever the ex-felon count from the remaining counts. The Court denied the motion but ordered a bifurcated trial. In framing its opinion, the Third Circuit recognized that the "so-called 'per se rule' of *Busic* has been widely criticized by other courts of appeal and no other court has adopted the procedure spelled out there." Id. at 847 n.5 (citing, inter alia, *United States v. Lewis*, 787 F.2d 1318, 1322 (9th Cir. 1986), *United States v. Daniels*, 770 F.2d 1111, 1117 (D.C. Cir. 1985), *United States v. Silva*, 745 F.2d 840, 843 (4th Cir. 1984)). Nevertheless, the Court repeated the *Busic* Rule without any disapproval of the standard. To that end, the Court approved the bifurcated trial stating it "strikes an appropriate balance between the concern about prejudice to the defendant and considerations of judicial economy" and the *Busic* Court's concern that the "necessity of introducing evidence of the defendant's criminal record in order to prove the weapons possession charge would prejudice the defendant during the jury's deliberations on other counts." Id. at 848.

In the present case, the government has failed to demonstrate, nor can it explain how the defendant's criminal history would be admissible at trial independent of the ex-felon in possession count. Accordingly, the bifurcation of Count Four of the indictment must be granted.

Further, should this Court grant a bifurcation, Count Four of the Indictment must be amended accordingly. The Indictment presently states that Javier Osorio "had previously been convicted in a court **of at least one crime punishable by a term of imprisonment exceeding one year**." Although the indictment does not detail the exact charge the defendant has been convicted of, it does insinuate that he may have been convicted of multiple felonies and served jail time. As per the *Busic* Court's holding the indictment would be better framed to read that he "had previously been convicted of a felony" without any reference to the number of felonies or possible sentence.

Therefore, Javier Osorio requests that the trial of Count Four charging him with being a convicted felon in possession of a firearm be bifurcated and that the indictment be amended accordingly.

## POINT II

### JAVIER OSORIO IS ENTITLED TO DISCLOSURE BY THE GOVERNMENT OF ANY STATEMENTS ATTRIBUTABLE TO HIM, INCLUDING STATEMENTS OF CO-CONSPIRATORS.

Pretrial discovery reveals that Javier Osorio allegedly was involved in a drug distribution conspiracy with Alberto Lopez-Garcia, aka Gordo, and Guillermo Rodriguez-Reyes, aka Chikilim. The government has provided a video statement of Javier Osorio given to DEA agents following his arrest.

Statements of the defendant are discoverable pursuant to the express provisions of Rule 16(a)(1)(A), F.R.Cr.P. Disclosure by the government of the contents of any statements attributable to the defendant is necessary in order for the defendant to adequately prepare for trial and for his

4

counsel to intelligently advise said defendant whether he should testify or invoke his privilege under the Fifth Amendment to the Constitution. *Johnson v. United States* (D.C. Cir. 1964) 344 F.2d 163; *Poe v. United States* (D.D.C. 1964) 233 F.Supp. 173, aff'd (1965) 352 F.2d (N.D. N.Y. 1969) 305 F.Supp. 267.

Those statements which are attributable to the defendant, are controlled by the mandatory pre-trial production requirements of Rule 16(a), N.E.C.. rather than Rule 26.2 and are therefore discoverable prior to trial. *Davis v. United States* (5th Dir. 1969) 413 F.2d 1226; *United States v. Crisona* (2nd Cir. 1969) 416 F.2d 107, 112-114, cert. den. 297 U.S. 961.

With respect to the precise statements attributable to the defendant, which led government agents to conclude that defendant was "associated" with the co-defendants and which the government will no doubt attempt to introduce against the defendant at trial, the substance of that conversation is necessary to adequately prepare for trial.

> "[W]here the question of guilt or innocence may turn on exactly what was said, the defense is clearly entitled to all relevant aid which is reasonably available to ascertain the precise substance of the statement." *Dennis v. United States* (1966) 384 U.S. 855, 872-873.

Statement of co-conspirators made in the course and in furtherance of the conspiracy are admissible against and deemed to be statements of the defendant, and should be discoverable as such. Wright, supra, §253, p. 50; *United State v. Thevis*, 84, F.R.D. 47, 56-57 (N.D. Ga. 1979; *United States v. Agnello*, 367 F.Supp. 444, 448-449 (E.D. N.Y. 1973).

Statement of co-conspirators made during the course of the conspiracy and in furtherance of the claims and objects of that conspiracy may be exceptions to the hearsay rule and admissible pursuant to Rule 801 (d)(2)(E), F.R.E. The rationale underlined in that rule is that each co-conspirator is the "agent" of the other, once the conspiracy is shown to

exist. See the Advisory Committee's Rule 801(a)(2)(E). As a defendant's agent, statements made by co-conspirators within the scope of that agency and in furtherance of the same are said to be impliedly authorized by the defendant as a principal and are, therefore, admissions by the defendant. Given that such co-conspirator's statements are admissible because they are treated as statements of or adopted by the defendant, then such statements should be discoverable as the defendant's own, pursuant to Rule 16(a)(1)(A). Wright, supra, §253, p. 50; *United States v. Thevis*, supra; *United States v. Angello*, supra.

The defense respectfully requests that this Court direct the government to give immediate notice to the defense of any co-conspirator statements that the government intends to offer pursuant to Rule 801(d)(2) of the Federal Rules of Evidence.

### POINT III

### JAVIER OSORIO IS ENTITLED TO CRIMINAL RECORDS OF GOVERNMENT WITNESSES.

The arrest and conviction records, or "rap sheets," of individuals the Government plans to call as witnesses requested in paragraph 10 of the motion and those of the Defendant's alleged co-conspirators, 16(a)(1)(C), F.R.Cr.P., are discoverable as being material to the preparation of the defense.

This information is critically important for meaningful cross-examination by the defense. *Untied States v. Auten*, 632 F.2d 478 (5th Cir. 1980). The defendant, unlike the federal Government with its vast data storage and investitive facilities, is at a substantial disadvantage without such information. Wright, Federal Practice and Procedure, Criminal 2nd §254, at p. 92, noting that Defense Counsel is at a "substantial disadvantage" without the criminal records of government witnesses in advance of trial.

6

Furthermore, the vast investigatory resources of the United States far outstrip those of this defendant creating an unfair imbalance of advantage favoring the prosecution. The Supreme Court has stated that the "due process" clause of the Fifth Amendment "… does speak to the balance of forces between the accused and his accuser. "*Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973). These vast investigative resources, if not open to the minimal disclosure herein requested, provide the government with "non-reciprocal benefits" in preparing this case, and "…when the lack of reciprocity interferes with the Defendant's ability to secure a fair trial" such constituted a violation of the defendant's constitutionally protected right to due process. *Wardius v. Oregon*, supra.

> "[t]he [prosecution's] inherent information gathering advantages suggest that if there is to be imbalance in discovery rights, it should work in the Defendant's favor." *Wardius v. Oregon*, supra.

Effective confrontation and cross-examination at trial require that the criminal records of Government witnesses be produced. Prior convictions are admissible for impeachment purposes, and these convictions may be proved conclusively only by certified copies of convictions. These documents can be obtained only from the Clerk of the Court in the jurisdiction where the conviction occurred. Accordingly, pre-trial access to F.B.I. arrest and conviction records is necessary to provide information upon the basis of which these documents may be obtained.

The defendant submits that this evidence constitutes exculpatory material within the meeting of *Brady v. Maryland*, supra, and therefore production is required as a matter of due process. The fact that such information would serve to impeach any testimony by government witnesses is sufficient to bring the statement under the scope of *Brady v. Maryland*, supra, since the duty imposed upon the government by *Brady* to disclose evidence it has in its possession applies to any information " . . . favorable to the accused either as direct or impeaching evidence."

*United States v. Auten*, supra; *Williams v. Dutton* 400 F.2d 797 (5th Cir.1968); *United States v. Keogh* 391 F.2d 138 (2nd Cir.1968).

### POINT IV

### JAVIER OSORIO IS ENTITLED TO PRODUCTION OF VIDEO AND AUDIO TAPES.

It is well settled that the provisions of Rules 16(a)(1)(C) requiring the production of tangible things includes the production of electronic records and reproductions such as video and audio tape recordings. *United States v. James*, 495 F.2d. 434 (5th Cir. 1974), cert. den. 95 S.Ct. 181; *Davis v. United States*, 413 F.2d 1226 (5th Cir. 1969); *United States v. Crisona*, 416 F.2d 107, 114-115 (2nd Cir. 1969), cert. den. 90 S.Ct. 991; *United States v. Haldeman*, 559 F.2d. 31, 74, n.80 (D.C. Cir. 1976); *Murphy v. Federal Bureau of Investigations*, 490 F.Supp. 1138 (D.C.D.C. 1980). Included within the ambit of the rule are things that the defendant said before, during, and after the commission of the crime and his arrest. *Davis v. United States*, 413 F.2d 1226, 1230-1231 (5th Cir. 1969); *United States v. Bryant*, 439 F.2d 642 (D.C. Cir. 1971); *United States v. Haldeman*, supra; *United States v. Crisona*, Supra; *United States v. Isa*, 413 F.2d 244 (7th Cir. 1969).

Any electronic records of conversations or statements by alleged co-conspirators should be discoverable whether or not the Defendant's voice appears on that particular tape because statements of co-conspirators made during the course of or in furtherance of a conspiracy of which the co-conspirators and the Defendant were alleged to be members, are deemed to be statements of the Defendant and should be discoverable as such. *United States v. Thevis*, 84 F.R.D. 47, 56-57; *United States v. Agnello*, 367 F.Supp. 444, 448-449 (D.C. N.Y. 19973). While statements of co-conspirators may be deemed to be statements of the defendant, in reality, a defendant may not be aware of other statements made by co-conspirators. Certainly fairness would dictate that if a person is to be held liable for a statement made by somebody else, he should be made aware of

8

those statements so that he has an opportunity to prepare to refute those statements. Such recorded statements of co-conspirators would be material to the preparation of the defense, and as tangible objects are discoverable under Rule 16(a)(1)(c). Written transcripts of electronically recorded statements are also tangible objects that bear the statement of the defendant and/or his alleged co-conspirators and therefore such transcripts should be as discoverable as any other written statement or any tape recordings of videotapes.

Accordingly, all photographs, film, video tapes, audio tapes or written transcriptions thereof should be produced by the Government prior to trial so that the defendant will have time to adequately prepare for trial.

## POINT V

### JAVIER OSORIO IS ENTITLED TO DISCLOSURE OF EXCULPATORY OR FAVORABLE EVIDENCE.

The exculpatory or favorable evidence requested in this motion is discoverable pursuant to the "due process" clause of the Fifth and Fourteenth Amendments to the Constitution, *Brady v. Maryland* (1963) 373 U.S. 83, and Rule 16(a)(1)(C), F.R.Ct.P. *United States v. Thevis*, 84 F.R.D. 47 (D.C. Ga. 1979).

The right of the defendant to the disclosure of "favorable" evidence exists whether such evidence is material to the Defendant's guilt or innocence or to mitigation of his punishment, *Brady v. Maryland* (1963) 373 U.S. 83, 87, and regardless of whether such exculpatory evidence would be admissible in the Defendant's behalf at trial "…or in obtaining further evidence." *Giles v. Maryland* (1967) 386 U.S. 66, 74. The evidence need not be competent evidence or admissible at trial. *United States v. Gleason* (S.D. N.Y. 1967) 265 F.Supp. 880, 886. It includes evidence "favorable to the accused either direct or impeaching". (emphasis added). *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2nd 215 (1963); *Giles v. Maryland*, 386 U.S. 66, 76, 87 S.Ct.

9

793, 17 L.Ed.2d 737 (1967) *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The obligation to disclose favorable evidence to the accused is that of the government and failure to disclose such information is not excused merely because the prosecutor did not have actual knowledge of such favorable evidence. *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980); *Rhinebart v. Rhay*, 440 F.2d 725 (9th Cir. 1971), cert. den. 404 U.S. 825. "The duty of disclosure affects not only the prosecutor, but the government as a whole, including its investigative agencies." *United States v. Bryant*, 439 F.2d 642, 650 (D.C. Cir. 1971).

Under Brady and its progeny, it is settled law that the government is obligated to disclose any evidence in the possession of the prosecution or its agents, or other evidence of the existence of which is known, or by the exercise of due diligence may become known to the prosecution, which may be favorable to the defendant or could reasonably weaken or affect any evidence that may be introduced against the defendant or is otherwise relevant to the subject matter of this case or may in any manner aid the defendant in the investigation or preparation of his case, trial or sentencing, said disclosure to be made without regard to whether the evidence to be disclosed may be admissible at trial. Specifically, Javier Osorio demands disclosure of any statements of any witnesses, whether indicted or not, exculpating the defendant, **including any statements by unindicted co-conspirators, Alberto Lopez-Garcia, and Guillermo Rodrigues-Reyes, to the effect of the defendant had nothing to do with any alleged drug transactions or conspiracy.** Defendant also requests any statements of witnesses, whether indicted or not, which contradicts statement of other witnesses, and/or any reports of interview relating to same. Lastly, the defendant is entitled to disclosure of any offers or promises made to prospective government witnesses to induce their cooperation against the defendant whether or not the government intends to call those persons as witnesses.

Accordingly, the defense requests production of any plea and cooperation agreement for any co-conspirator in this case who may be called as a trial witness by the Government.

## POINT VI

**THE GOVERNMENT SHOULD BE COMPELLED TO PRODUCE THE TRANSCRIPT OF THE TESTIMONY OF WITNESSES WHO TESTIFIED BEFORE THE GRAND JURY.**

The transcript of the testimony of individuals who testified before the Grand Jury in this case which is requested is discoverable pursuant to Fed. R. Crim. P. 16(a)(l)(c), since such transcripts are "documents" under the rule. *United States v. Hughes* (5th Cir. 1969) 413 F.2d 1244, 1255-1257, vacated as moot sub nom, *United States v. Gifford-Hill American* (1970) 90 S.Ct. 817. Additionally, the defense is entitled to any "recorded testimony of the defendant before a Grand Jury." Fed. R. Crim. P. 16(a)(1)(A. Discovery of recorded testimony of witnesses other than the defendant is discoverable pursuant to Fed. R. Crim. P. 6(e)(3), which expressly provides for pre-trial discovery of such Grand Jury testimony. *Dennis v. United States*, 384 U.S. 855 (1966).

Grand Jury testimony should be disclosed anytime the government demonstrates no need for secrecy, *Nowlin v. United States* (5th Cir. 1968) 395 F.2d 283, 286, and the defense shows a semblance of need, (e.g. where said witnesses are individuals the government intends to call at trial); *United States v. Machi* (D. Wis. 1971) 324 F.Supp. 153; *Allen v. United States* (D.C. Cir. 1968) 390 F.2d 482; *Gibson v. United States* (D.C. Cir. 1968) 403 F.2d 166, 169; *United States v. Tanner* (N.D.Ill. 1967) 279 F.Supp. 457, at p. 472; *United States v. National Dairy Products, Corporation.* (W.D. Mo. 1967) 262 F.Supp. 447, 471 rev'd. in part on other grounds (8th Cir. 1967) 384 F.2d 457. As the investigation giving rise to the subject indictment appears to be finished, there is little, if any, need for secrecy. The defendant needs the transcripts of Grand Jury

testimony to aid in cross-examination and impeachment of witnesses. *Texas v. United States Steel Corp.*, 546 F.2d 626 (5th Cir.), cert. den. 434 U.S. 884 (1977); *Allis-Charmers Mfg. Co. v. City of Fort Pierce*, 323 F.2d 233 (5th Cir. 1963). The defendant's ability to prepare his cross-examination and other aspects of his case is greatly enhanced by pre-trial discovery of Grand Jury testimony.

And where, as here, the government's case may depend upon the credibility of witnesses, then any of the Grand Jury testimony regarding the substance of those statements is necessary to adequately prepare a defense and disclosure should be required prior to trial.

> "[W]here the question of guilt or innocence may turn on exactly what was said, the defense is clearly entitled to all relevant aid which is reasonably available to ascertain the precise substance of the statements." *Dennis v. United States* (1966) 384 U.S. 855, 872-873.

## CONCLUSION

Based upon the foregoing reasons and authorities cites, it is respectfully submitted that the pretrial motions of Javier Osorio should be granted.

MICHAEL J. PAPPA
ATTORNEY FOR DEFENDANT
JAVIER OSORIO

DATED: March 10, 2022